UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CRIMINAL ACTION NO. 14-10050-GAO

UNITED STATES OF AMERICA

v.

YAW ABOAGYE-MARFO,
Defendant.

## ORDER ADOPTING REPORT AND RECOMMENDATION
February 27, 2015

O'TOOLE, D.J.

The magistrate judge to whom this matter was referred has recommended that the defendant's plea of guilty be accepted and entered as to counts one and twenty-four of the Superseding Indictment. On February 4, 2015, the parties appeared before the magistrate judge. At that time, the magistrate judge conducted a colloquy with the defendant, and the defendant entered his guilty plea. The magistrate judge entered her findings regarding the defendant's waiver of his rights and his decision to plead guilty in a Report and Recommendation ("R&R") (dkt. no. 61). The magistrate judge scheduled a date for sentencing on May 15, 2015.

Having reviewed the magistrate judge's R&R, the Plea Agreement (dkt. no. 60), and all other relevant filings, I approve and ADOPT the magistrate judge's recommendation in its entirety. The defendant's plea of guilty is therefore accepted and, on the basis thereof, I find the defendant GUILTY as to counts one and twenty-four of the Superseding Indictment.

/s/ George A. O'Toole, Jr.
United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,

                                        CRIMINAL ACTION NO.
v.                                   14-10050-GAO

YAW ABOAGYE MARFO,
    Defendant.

**REPORT AND RECOMMENDATION RE:
ACCEPTANCE OF DEFENDANT'S GUILTY PLEA**

**February 6, 2015**

**BOWLER, U.S.M.J.**

Defendant Yaw Aboagye Marfo ("the defendant") was charged in a 26 count Superseding Indictment returned in this district on August 6, 2014. The Superseding Indictment charges the defendant with 26 counts of filing false claims in violation of 18 U.S.C. §§ 841(a)(1) and (2). The defendant, who was represented by court appointed counsel, appeared before this court on February 4, 2015, pursuant to the District Judge's referral to conduct a hearing pursuant to Fed.R.Crim.P. 11. At the outset of the proceeding, the defendant was provided with a form entitled "Consent to Proceed with Guilty Plea before a United States Magistrate Judge in a Felony Case." This court advised the defendant of his right to have the proceedings before a district judge. The defendant reviewed the form with his counsel and indicated his voluntary decision to proceed before this court.

The form, which was signed by the defendant, defense counsel and government counsel, was entered into the record and appears as Docket Entry # 58.

The defendant indicated and confirmed his intention to plead guilty to counts one and 24 of the Superseding Indictment. The defendant was sworn by the court. Upon verifying the defendant's age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition to ascertain his capacity and ability to understand, answer and comprehend the interactive colloquy with this court, a determination was made by this court that the defendant was competent and capable of understanding the nature and significance of the proceedings.

Having further advised the defendant of the charges contained in counts one and 24, the defendant was examined and he verified as being correct that: he had consulted with his counsel of record, Attorney Oscar Cruz of the Office of the Federal Public Defender, prior to the hearing for the change of plea; he was satisfied with the services provided by his legal counsel; and he had time to discuss with him all aspects of the case, including, among other things, the change of plea, the consent to proceed before a magistrate judge for the purpose of changing his plea, the content of the Superseding Indictment and

the charges therein, his constitutional rights and the consequences of the waiver of same.

The defendant was specifically advised by this court that, upon withdrawing his initial plea of not guilty and now entering a plea of guilty to the charges specified, he was waiving his right to a speedy and public trial by a jury made up of jurors who would have to unanimously agree to a verdict. In addition, he was also advised he was waiving his right to be presumed innocent and for the government to meet the obligation of establishing his guilt beyond a reasonable doubt. Furthermore, he was advised he was waiving his right during trial to confront the witnesses who were to testify against him and be able to cross-examine them, through counsel, as well as to present evidence on his behalf. He was also advised he was waiving the right to compel the attendance of witnesses and have subpoenas issued to have them appear in court to testify. The defendant was specifically advised of his right to take the stand and testify, if he so decided, or not to testify, and that no inference or decision as to his guilt could be made from a decision not to testify at trial. The defendant was also advised of his right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and his sentence were to be based on his plea of guilty; and that he

would be sentenced by the District Judge after consideration of the information contained in a presentence report.

As to all of the above, the defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of his counsel, Attorney Oscar Cruz, indicated he freely and voluntarily waived those rights and understood the consequences of his waiver. Throughout this colloquy, the defendant was made aware that he could freely request from this court any additional clarification, repetition, or ask questions and that he could consult with his attorney at any given time as to any issue.

The defendant expressed his understanding of the maximum penalty prescribed by statute for each of the offenses to which he was pleading guilty as follows: a term of imprisonment of not more than five years; a fine of up to $250,000 or twice the gain or loss, whichever is greater; a term of supervised release of up to three years; a special monetary assessment of $100.00 per count; and restitution.

Having ascertained directly from the defendant that he had not been induced in any way to plead guilty, that no one had forced him in any way to plead guilty, that he had not been offered any reward or any inducement to plead guilty, the defendant was shown an 11 page document dated January 9, 2015

from the Tax Division of the United States Department of Justice setting forth the terms of a plea agreement (hereinafter the "Agreement"). The defendant then verified his signature and initialed each and every page after reviewing the Agreement with his counsel. The Agreement was entered on the record and appears as Docket Entry # 60.

Pursuant to said Agreement, and insofar as counts one and 24, as to which the defendant already was aware of the maximum possible penalties, the defendant was appraised that it was up to the sole discretion of the District Judge what the sentence to be imposed on him will be. The defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one he might be expecting, for said reason alone, the defendant would have no grounds for the court to allow him to withdraw his plea of guilty.

Pursuant to paragraph one the Agreement, at the time of sentencing, the government will move to dismiss counts two through 23, 25 and 26 of the Superseding Indictment. As part of the Agreement, the government, the defendant, and his counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory. The defendant was specifically informed that the above sentencing calculations

5

were not binding for the sentencing court, but were only estimates of possible terms of his sentence, which may always be imposed, at the sole discretion of the court, up to the maximum penalties allowed by statute, and dependent upon the information and verification thereof of the presentence report that the District Judge would have at the time of the imposition of the sentence.

The government presented to this court and the defendant, in open court and on the record, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event the defendant had elected to go to trial, the commission of the offenses, beyond a reasonable doubt. Counsel and the defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. The defendant was able to understand this explanation and agreed with the government's submission.

According to paragraph 14, the Agreement is limited to the tax division office of the United States Department of Justice and does not bind "any other federal, state or local prosecution authorities." (Docket Entry # 60). Paragraph 15 explains that the Agreement contains all the promises, terms and conditions which the defendant, his attorney and the government have entered.

Having once more ascertained that the defendant has indicated that he was not being induced to plead guilty, and was entering such a plea because in fact he is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, the defendant was informed that the District Judge will have a presentence report and that the report would be made available to him, to his counsel and to the government, so that they be allowed to correct or object to any information contained in the report which was not accurate.

The defendant stated in open court that he reviewed the Superseding Indictment and was provided an opportunity to see and examine same, indicating that he availed himself of the opportunity to further discuss same with his attorney. The defendant positively stated that what was contained in counts one and 24 was what he had done and to which he was pleading guilty during these proceedings. The defendant expressed that he agreed with the government's evidence as to his participation in the offense. Thereupon, the defendant indicated he was pleading guilty to counts one and 24 of the Superseding Indictment in Criminal Action No. 14-10050-GAO.

This court, after having explained to the defendant his rights, ascertaining that he was acting freely and voluntarily to the waiver of such rights and in his decision to plead guilty, with full knowledge of the consequences thereof, and there being

a basis in fact for such a plea, is **RECOMMENDING**[1] that the plea of guilty be accepted and entered as to counts one and 24 of the Superseding Indictment in the above captioned case. The defendant was advised that sentencing, pending the completion of the presentence report by the Probation Department, is scheduled for May 15, 2015, at 10:00 a.m. before the Honorable George A. O'Toole, Jr., United States District Judge.

/s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection. See Fed.R.Crim.P 59(b). Any party may respond to another party's objections within 14 days after service of the objections. Failure to file objections within the specified time waives the right to appeal the order. See Fed.R.Crim.P 59(b)(2).